(61 South. 878.)

No. 19,709.

STATE ex rel. STEWART v. TOWN OF MINDEN.

In re TOWN OF MINDEN.

(March 3, 1913. On Rehearing, May 12, 1913.)

*(Syllabus by the Court.)*

CERTIORARI (§ 59*)—DISMISSAL — ASSIGNMENT OF ERROR.

An application for a writ of certiorari or review to a Court of Appeal will be dismissed where no assignment of errors is embodied in or annexed to the petition, as required by section 2, Act No. 191 of 1898, p. 437.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 150–152; Dec. Dig. § 59.*]

Action by the State, on the relation of D. W. Stewart, against the Town of Minden. Judgment for plaintiff was affirmed by the Court of Appeal, and defendant applies for certiorari or writ of review. Order granting the writ recalled.

Percy & Drew and W. R. Percy, all of Minden, for applicant. Stewart & Stewart, of Minden, for respondent.

PROVOSTY, J. The relator, D. W. Stewart, has filed in this court an answer to the writ of review herein, in which he asks that the order granting said writ be recalled for the following reasons:

"First. That petitioner has not presented to this court a complete and correct copy of the minutes and proceedings of the Court of Appeal in this case; that the judgment of the Court of Appeal was rendered on July 1, 1912, and that the term ended on that day, and all judgments rendered by it became final on its adjournment; and that the Court of Appeal had no legal authority to receive and pass on a motion for a new trial after the adjournment of the term, but are required by law to remain in session 'till all matters before it are finally disposed of' (see Court Act 100, No. 137 of 1906), and the minutes do not show the filing of any motion for a new trial.

"Second. That the application for the writ of review was not made within 30 days from the rendition of the judgment of the Court of Appeal overruling the motion for a new trial, and hence the writ should be recalled.

"Third. That the petition for a writ of review does not set out a course of action; that there is no allegation that the judgment of the Court of Appeal that it is to ask review is contrary to the law and jurisprudence of the state as interpreted by the Supreme Court; or that there is any conflict or want of uniformity between the judgment of the Court of Appeal and that of the Supreme Court.

"Fourth. That the application does not set out the questions of law and jurisprudence that the court is required to review. Nor does it set out or have annexed to it an assignment or specification of errors alleged to have been committed by the Court of Appeal, and of which it complains, as required by law (see Act No. 191 of 1898), but that said judgment is entirely in accordance with the law and the facts."

The mode of proceeding in making application to this court for a writ of review like the present is governed by Act No. 191, p. 436, of 1898, and rule 12 (47 South. vii) of this court. Neither of these expressly requires that such application be accompanied by a copy of the minutes of the Court of Appeal, and the absence of such copy would perhaps not be ground for dismissing the application.

But said Act 191 does require that such application be accompanied by an assignment of error, and the present application is not so accompanied. Where parties by their silence waive the nonobservance of formalities in these applications, this court usually does not of its own motion notice the informality, but where parties insist, as here, upon an enforcement of the rules, the court must enforce them; hence the order for the writ must be recalled. We will add that if it be true, as it probably is, since the statement is made under oath, that the application for a rehearing was made after the adjournment of the term at which the judgment was rendered, then that this too would compel a recall of our order, unless, however, it also appeared that, before the adjournment of the court, an agreement of parties had been entered of record to the effect that the application for rehearing might be made and considered in recess.  •

The present application was filed in this court on December 17, 1912. The order of the Court of Appeal refusing the rehearing is dated October 24, 1912, but it was made in chambers and was not transmitted to the clerk and was not filed until December 4, 1912. The 30 days' delay for making application to this court for a writ of review ran necessarily from the latter date, since until the order was filed it remained under the control of the judges and could not be said to be the final action of the court. The order granting the writ herein is recalled at the cost of the applicant, the town of Minden.

### On Rehearing.

LAND, J. Act No. 191 of 1898 prescribes the rules of practice to be observed where the party cast in a suit in a Court of Appeal desires to obtain from the Supreme Court a writ of certiorari to review the judgment rendered by the Court of Appeal. The statute requires the applicant for such a writ to file a peti-

tion addressed to the Supreme Court or one of the justices thereof, "in which he shall set forth, as briefly as possible, the nature of the case, the issues therein, and the questions of law, jurisprudence, or jurisdiction involved; he shall also annex to said petition a statement or assignment of the errors alleged to exist in the decree complained of."

In the case at bar no statement or assignment of errors was annexed to the petition of the applicant, and the petition itself merely alleged that the judgment of the circuit court was "erroneous and should be set aside." The petition does not conform to the requirements of the statute, nor does it assign any special error or errors in the decree of the Court of Appeal. A general allegation of error in a decree of the Court of Appeal is too vague and indefinite to afford a basis for a writ of review.

To hold that such an allegation is sufficient would be to ignore the rules of pleading laid down in Act No. 191 of 1898 and to furnish a precedent for ignoring all other rules of practice on the same subject-matter.

Without an assignment of errors, the Supreme Court cannot discharge its functions under article 101 of the Constitution and the enabling act of 1898. To order a writ of review on a general allegation that the decree below is erroneous would be equivalent to granting an appeal, without bond and security.

It is therefore ordered that our former decree herein be reinstated and made the judgment of the court.